UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NANCY A. DAW, <br> STEPHEN L. HOBACK, <br>         Plaintiffs, <br>         v. <br> CONSOLIDATED CITY OF INDIANAPOLIS <br> AND MARION COUNTY, <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:16-cv-02550-JMS-DML |

**ORDER**

This case arises from a dispute between *pro se* Plaintiffs Nancy Daw and Stephen Hoback (collectively "Plaintiffs") and Defendants Marion County and the City of Indianapolis (collectively "Defendants") regarding a portion of Plaintiffs' property. Plaintiffs allege that Defendants have violated their rights under the Due Process Clause of the United States Constitution. Following a dismissal of their original complaint, they filed an Amended Complaint in this Court, requesting compensatory and injunctive relief under 42 U.S.C. § 1983. Defendants have moved to dismiss the Amended Complaint, [Filing No. 35], which Plaintiffs oppose. For the reasons described below, the Court grants Defendants' Motion and dismisses Plaintiffs' Complaint without prejudice.

**I.**
**BACKGROUND[1]**

Plaintiffs reside at 4110 Ritterskamp Court in Indianapolis, Indiana, and that property is the subject of the current dispute between Plaintiffs and Defendants. [Filing No. 34 at 3.] Plaintiffs

---

[1] The Court notes at the outset, as it did regarding Plaintiffs' initial Complaint, that the factual allegations contained in Plaintiffs' Amended Complaint are difficult to understand and often intertwined with legal conclusions and argument. Particularly because Plaintiffs are proceeding

1

received a letter from the Indianapolis Department of Public Works ("DPW") dated August 28, 2012, informing them that, concerning Ritterskamp Court, DPW determined that it was necessary to "widen the roadway, where appropriate, to accommodate solid waste trucks…Land acquisition will be necessary to complete this project and establish permanent right of way." [Filing No. 34 at 18.] The land acquisition included part of Lot #7, owned by Plaintiffs. [Filing No. 34 at 18.] In the spring of 2013, DPW purchased parts of platted lots in Dean Meadows subdivision by use of a subdivision-by-deed procedure. [Filing No. 34 at 20.] On April 20, 2013 and April 27, 2013, the following "offer to purchase" notice appeared in the Indianapolis Star:

> NOTICE TO: Blue Diamond Revocable Trust, Co-Trustees Nancy A. Daw and Stephen L. Hoback. Nancy A. Daw, Life Estate Interest and Stephen L. Hoback, Life Estate Interest. The City of Indianapolis, through its Department of Public Works needs to acquire a right-of-way across property located at 4110 Ritterskamp Court, Indianapolis, Indiana 46250, for a public improvement project under Project Number ST-05-020. The real estate, in its entirety, is described as follows: Lot 7 in Dean Meadows, a subdivision in Washington Township, Marion County, Indiana, as per plat thereof recorded as Instrument Number 74-40935 in Plat Book 31, Page 57, in the Office of the Recorder of Marion County, Indiana. Commonly known as 4110 Ritterskamp Court, Indianapolis, Indiana 46250. Tax Parcel 49-02-29-123-011.000-800. We have made you a formal offer for a right of way that is now on file in the Marion County Clerk's Office, 200 East Washington Street, Indianapolis, Indiana 46204. Please pick-up the offer. If you do not respond to this Notice or accept the offer by May 28, 2013, we shall file a suit to condemn the property. CITY OF INDIANAPOLIS DEPARTMENT OF PUBLIC WORKS Alex Beatty Assistant Corporation Counsel (317) 327-4055 (S 42013, 42713 - 6058194)

[Filing No. 34 at 21.] Plaintiffs had no knowledge of this notice. [Filing No. 34 at 21.]

On May 29, 2013, the City of Indianapolis filed a Complaint in Marion Superior Court for the Appropriation of Real Estate regarding the subject portion of Plaintiffs' Lot 7. [Filing No. 34 at 23.] That complaint stated that "Plaintiff has prepared and adopted plans for a public

---

*pro se*, the Court has made every effort to discern the factual allegations and construe them in the manner intended by Plaintiffs.

improvement project in order to resurface Ritterskamp Court, located in Indianapolis, Marion County, Indiana." [Filing No. 34 at 34 (emphasis removed).] On June 6, 2013, Ms. Daw and Mr. Hoback appeared as trustees of Blue Diamond Revocable Trust in that action. [Filing No. 34 at 24.]

According to the written judgment in that action, all Defendants "were properly served with summons and notice as required by statute." [Filing No. 17-1 at 1.] The judgment also indicates that "[n]o Defendant filed timely objection to the appropriation of the real estate interest the Plaintiff seeks to acquire." [Filing No. 17-1 at 2.] On May 2, 2014, court-appointed appraisers filed a report stating that Defendants had sustained total damages of $7,500, and no party filed any exceptions to the appraisal. [Filing No. 17-1 at 2.] The court directed the City to deposit $7,500 with the Clerk of the Court, which it did on July 1, 2014. [Filing No. 17-1 at 2.] The court then decreed that the City holds a fee simple interest in the subject portion of real estate, and ordered that the defendants should recover $7,500 as total just compensation for the City's appropriation.[2] [Filing No. 17-1 at 2-3.]

On September 23, 2014, DPW sent a letter to Plaintiffs stating that "[t]he property in front of your residence was acquired by eminent domain." [Filing No. 34 at 37.] On September 29, 2014, "under the direction and control of Defendant and accompanied by City Police officers, Calumet City Contractors trespassed upon Lot #7 in Dean Meadows and proceeded to demolish, destroy, excavate and confiscate property, both real & personal, depriving Plaintiffs of their

---

[2] This information is not contained within Plaintiffs' Amended Complaint, but appears in an August 14, 2014 judgment issued by the Marion County Superior Court. The Court takes judicial notice of this judgment. *See U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) ("The district court may also take judicial notice of matters of public record.").

constitutionally protected right to exclude others, right against trespass, right of quiet enjoyment and legal right to access the platted Cul-de-sac street." [Filing No. 34 at 39.]

Plaintiffs filed their initial Complaint in this Court on September 26, 2016, alleging violations of the Due Process and Equal Protection Clauses of the United States Constitution and 42 U.S.C. § 1983. [Filing No. 1.] Defendants filed an Answer to the Complaint, [Filing No. 8], and then a Motion for Judgment on the Pleadings, [Filing No. 16]. The Court granted that Motion without prejudice, [Filing No. 30], allowing Plaintiffs to file an Amended Complaint if they wished to continue to pursue this action. Plaintiffs timely filed an Amended Complaint, [Filing No. 34], alleging only violations of their due process rights under the Fourteenth Amendment to the United States Constitution. Defendants have filed a Motion to Dismiss, [Filing No. 35], which is now fully briefed and ripe for the Court's review.

## II.
### DISCUSSION

Defendants make two arguments in support of their Motion to Dismiss. First, they argue that Plaintiffs' Amended Complaint is "largely incomprehensible, in violation of the general pleading requirements as well as the Court's previous order." [Filing No. 37 at 1.] Second, they contend that this Court lacks subject matter jurisdiction over Plaintiffs' claims, because Plaintiffs have failed to exhaust their state court remedies. The Court considers each argument in turn.

**A. Failure to Comply with Rule 8(a)**

Defendants argue that Plaintiffs' Amended Complaint violates Federal Rule of Civil Procedure 8(a) by failing to provide a "short and plain" statement of the facts or any relevant details about the nature of their legal claim. [Filing No. 37 at 3.] Plaintiffs respond that "the complicated nature and lengthy history of events spanning half a century requires a lengthy narrative to more comprehensively state Plaintiff's [sic] claim." [Filing No. 40 at 13.]

4

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson,* 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8, however, "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

This is Plaintiffs' second attempt at drafting a complaint that would satisfy the standards of Rule 8. [*See* Filing No. 1.] In its prior Order granting Defendants' Motion for Judgment on the Pleadings, the Court pointed out that Plaintiffs' factual allegations were difficult to understand and often intertwined with legal conclusions. [Filing No. 30 at 2.] The Court also provided Plaintiffs with guidance regarding the elements required to plead a due process claim in this context, and advised Plaintiffs that they should draft their Amended Complaint "as if they are telling a story to people who know nothing about their situation." [Filing No. 30 at 12.]

Plaintiffs timely filed an Amended Complaint, but it contains neither a short nor a plain statement of the legal claims being raised. The Amended Complaint is 43 pages long, spanning 177 numbered paragraphs. The facts recited by Plaintiffs date back to 1959, when their subdivision was first platted, and the Amended Complaint details a confusing history regarding the sale of various lots, the granting of easements, and insurance policy provisions. [Filing No. 34 at 1-5.] It also recounts the history of the categorization of Ritterskamp Court as either a private drive or a

5

cul-de-sac, as well as Plaintiffs' attempts to obtain information about the categorization. [Filing No. 34 at 5-17.] The remaining 25 pages of Plaintiffs' Amended Complaint address in meandering fashion the process by which a portion of Plaintiffs' property was acquired by eminent domain. Approximately five pages detail the state court proceedings, including Plaintiffs' allegations that they were improperly denied a motion for change of judge in that case.

As this Court has previously noted, it construes "the complaints of *pro se* plaintiffs liberally, to take care that the Rules of Federal Procedure do not serve merely as traps for the unwary." *Maxberry v. ITT Tech. Inst.*, 2015 WL 416495, at *3-4 (S.D. Ind. 2015) (citing *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006)). However, the Court is not required to vainly sift through a complaint that is "sprawling, confusing, redundant—in short a mess." *Maxberry*, 2015 WL 416495, at *4 (citing *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 749 (7th Cir. 2005); *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) (noting that if a complaint's lack of clarity makes it unintelligible, dismissal under Rule 8 is permitted)).

The Court spent considerable time and effort attempting to discern what legal claims Plaintiffs are raising, and it sifted through a large volume of irrelevant information in its attempt to do so. While "[f]at in a complaint can be ignored," *Bennett v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998), a complaint must still adequately perform its notice function by alerting the defendant as to the legal claims that are being levied against it. Plaintiffs appear to raise a challenge to the process by which a portion of their property was acquired by eminent domain:

- "Defendant's 2012 determination 'to maintain the current roadway area and widen the roadway…to accommodate solid waste trucks' and 'to establish a permanent right of way' for a 'roadway' in a legally-platted residential subdivision, which included a determination that 'land acquisition will be necessary,' deprived Plaintiffs of their property, without due process of law. Plaintiffs were denied notice of a public hearing; wherein DPW determined to maintain the private driveway under the pretext that it was a public street, and DPW determined the necessity of land acquisition, which included Lot #7; thereby denying Plaintiffs an

- opportunity to be heard and an opportunity to present every available defense." [Filing No. 34 at 18.]

- "All of the aforesaid decisions were made behind closed doors, which deprived Plaintiffs of their property rights, without due process of law." [Filing No. 34 at 20.]

- "Defendant's published Notice of an offer to purchase to Plaintiffs as Co-Trustees, who can be served personally, denied Plaintiffs of due process of law." [Filing No. 34 at 22.]

- "Defendant did NOT make an effort to purchase the land, right-of-way, or easement for the use intended: 'to resurface Ritterskamp Court,' did NOT establish a proposed purchase price for the property, did NOT provide the owner of the property with an appraisal or other evidence used to establish the proposed purchase price, did NOT conduct good faith negotiations with Plaintiffs, as co-trustee title holders of the property. Having failed to make a good faith effort to purchase Plaintiffs' land, Defendant had no right to proceed upon a complaint in condemnation." [Filing No. 34 at 23.]

But Plaintiffs repeatedly argue in their briefing here that they do not raise a challenge to the condemnation, and specifically disavow a takings claim. And while they claim to be raising a substantive due process claim, they request the "return of their property" in relief. The Court cannot make heads or tails of these allegations, and it cannot conclude that Defendants have been put on notice of the claims against them. Under the circumstances present here, the Court concludes that dismissal for failure to comply with Rule 8(a) is appropriate.

**B. Failure to Exhaust**

In the interest of completeness, and to draw the parties' attention to a relevant Seventh Circuit decision that was rendered after briefing was submitted here, the Court addresses Defendants' second argument in support of dismissal.

Defendants argue that Plaintiffs received a state court judgment by the Marion Superior Court, "deeming Plaintiffs fully satisfied for the City's appropriation of their land in the amount of $7,500." [Filing No. 37 at 2.] Defendants argue that Plaintiffs did not appeal this judgment, thereby failing to exhaust their available state court remedies, and that this Court therefore lacks

subject matter jurisdiction over this dispute.[3] [Filing No. 37 at 2.] Plaintiffs respond that the Court should refrain from adjudicating the exhaustion issue, as it is typically appropriate only after an answer has been filed. [Filing No. 40 at 12.] Plaintiffs also allege that the state court judgment against them is void. [Filing No. 34 at 37-38.]

The Fourteenth Amendment to the United States Constitution prohibits any State from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186-87 (1985), the Supreme Court "articulated a special ripeness doctrine for constitutional property rights claims." *Forseth v. Village of Sussex,* 199 F.3d 363, 368, 372 (7th Cir. 2000). Under *Williamson County,* a plaintiff must demonstrate that (1) he received a final decision from the relevant government entity; and (2) he has sought compensation through the procedures the state has provided for doing so. *See Lewis v. City of Jeffersonville, Ind.,* 2004 WL 1629741, at *4 (S.D. Ind. 2004) (citing *Forseth,* 199 F.3d at 372; *Williamson County,* 473 U.S. at 186-87).

This requirement has been commonly understood as one of subject matter jurisdiction, because ripeness is an element of justiciability. However, in a case decided by the Seventh Circuit after briefing had been submitted in this case (and therefore not addressed by the parties), the Seventh Circuit clarified that the *Williamson County* "ripeness" requirement is not in fact jurisdictional. *Kolton v. Frerichs*, 869 F.3d 532, 534 (7th Cir. 2017) ("The Supreme Court has recently told us that *Williamson County* 'is not, strictly speaking, jurisdictional.' That reflects the Court's contemporary understanding of the difference between jurisdictional and ordinary

---

[3] While Defendants do not cite a particular rule in support of dismissal, the Court construes this as a motion raised under Fed. R. Civ. P. 12(b)(1).

procedural rules. …After *Horne* we know that *Williamson County* does not diminish federal courts' adjudicatory competence.") (citing *Horne v. Department of Agriculture*, 133 S. Ct. 2053, 2062 (2013)). Instead, the Seventh Circuit counsels, "[i]t may help to think of *Williamson County* as a rule based on constitutional text rather than as a judge-made exhaustion requirement. The Fifth Amendment does not proscribe takings, but rather takings without just compensation. A takings claim therefore accrues only when the government refuses to pay." *Id.* According to the court, "*Williamson County* routes plaintiffs to state proceedings when it is uncertain whether the state will pay." *Id.*

It is well established in the Seventh Circuit that the "*Williamson County* exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961 (7th Cir. 2004) (citations omitted); *see also Forseth*, 199 F.3d at 370 (holding that substantive due process claim that "falls within the framework for takings claims" is subject to exhaustion requirement). However, § 1983 claims that are not based upon the same facts as a takings claim are not subject to *Williamson County,* and are subject to the general rule that parties seeking relief under § 1983 are not required to exhaust state law remedies. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council,* 406 F.3d 926, 932 (7th Cir. 2005). While *Kolton* did not specifically address non-takings due process claims, the Court sees nothing in that case that displaces prior precedent regarding the application of *Williamson County* to due process claims.

Therefore, the first inquiry is whether Plaintiffs' claim is a takings challenge, or whether it is a *bona fide* § 1983 due process claim. To make this determination, the Seventh Circuit has looked at the language in the complaint and the relief sought. *See Behavioral Inst.,* 406 F.3d at 932. In this case, the Court simply cannot determine from the face of the Amended Complaint

9

what type of claim Plaintiffs raise. That determination is made even more difficult by Plaintiffs' briefing in response to Defendants' Motion to Dismiss. As described above, Plaintiffs, for example, make the following allegations that appear to raise a procedural due process challenge regarding the taking of their property via eminent domain:

- "Defendant's 2012 determination 'to maintain the current roadway area and widen the roadway…to accommodate solid waste trucks' and 'to establish a permanent right of way' for a 'roadway' in a legally-platted residential subdivision, which included a determination that 'land acquisition will be necessary,' deprived Plaintiffs of their property, without due process of law. Plaintiffs were denied notice of a public hearing; wherein DPW determined to maintain the private driveway under the pretext that it was a public street, and DPW determined the necessity of land acquisition, which included Lot #7; thereby denying Plaintiffs an opportunity to be heard and an opportunity to present every available defense." [Filing No. 34 at 18.]

- "All of the aforesaid decisions were made behind closed doors, which deprived Plaintiffs of their property rights, without due process of law." [Filing No. 34 at 20.]

- "Defendant's published Notice of an offer to purchase to Plaintiffs as Co-Trustees, who can be served personally, denied Plaintiffs of due process of law." [Filing No. 34 at 22.]

- "Defendant did NOT make an effort to purchase the land, right-of-way, or easement for the use intended: 'to resurface Ritterskamp Court,' did NOT establish a proposed purchase price for the property, did NOT provide the owner of the property with an appraisal or other evidence used to establish the proposed purchase price, did NOT conduct good faith negotiations with Plaintiffs, as co-trustee title holders of the property. Having failed to make a good faith effort to purchase Plaintiffs' land, Defendant had no right to proceed upon a complaint in condemnation." [Filing No. 34 at 23.]

These allegations all appear to raise procedural due process challenges to the taking of Plaintiffs' property. However, Plaintiffs specifically disavow any takings-related challenge in their briefing here. [Filing No. 40 at 15 ("Plaintiffs' substantive due process claim is not a takings claim…").] They argue that they raise instead a substantive, not procedural, due process challenge, involving "violation of their Constitutional property rights caused by Defendant's deprivation of Plaintiffs' right to exclude others, right against trespass, right of quiet enjoyment, and legal right to access

their private property in a platted residential subdivision." [Filing No. 40 at 15.] However, in the next sentence, Plaintiffs request the "return of their property" among the relief sought. [Filing No. 40 at 15.]

The Court cannot determine from the face of the Amended Complaint precisely what rights Defendants have allegedly violated, and Plaintiffs' briefing does not assist the Court in resolving that question. Therefore, the Court cannot determine whether Plaintiffs raise a *bona fide* due process challenge, or whether they raise a takings challenge disguised as a due process claim. Moreover, the parties submitted their briefing prior to the Seventh Circuit's ruling in *Kolton*, and therefore did not have the benefit of briefing any impact that case may have in the instant suit. The Court, therefore, denies Defendants' Motion to Dismiss under Rule 12(b)(1).

**C. Prejudice**

Defendants argue that because Plaintiffs have "twice failed to plead their claims in a short and plain manner," the Court should grant their dismissal with prejudice. The Court declines to do so, and will offer Plaintiffs one final opportunity to draft a complaint that meets the requirements of Rule 8(a). The Court strongly cautions Plaintiffs that their Second Amended Complaint, should they choose to file one, "must contain…a short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). If the second amended complaint fails to comply with Rule 8, the Court will not give Plaintiffs another opportunity to plead.

**IV.**
**CONCLUSION**

For the reasons described above, the Court **GRANTS** Defendants' Motion to Dismiss, [Filing No. 35], and **DISMISSES** Plaintiffs' Amended Complaint, [Filing No. 34], without

11

prejudice. Plaintiffs have **thirty days** to file a Second Amended Complaint if they intend to continue to pursue this action.

Date: 10/11/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NANCY A. DAW
4110 Ritterskamp Court
Indianapolis, IN 46250-2271

STEPHEN L. HOBACK
4110 Ritterskamp Court
Indianapolis, IN 46250-2271

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov